UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROMINA RA, | Civil Action No. |
| Petitioner, | |
| -against- | PETITION TO VACATE ARBITRATION AWARD |
| CHAIELIXIR, LLC and WONNY KIM, Individually, | |
| Respondents. | |

## PRELIMINARY STATEMENT

1.     Petitioner Romina Ra ("Petitioner" or "Ms. Ra"), by and through her undersigned

counsel, submits this Petition to Vacate Arbitration Award, and based upon the exhibits annexed

hereto and arguments presented in the accompanying Memorandum of Law in Support of the

Petition to Vacate Arbitration Award, respectfully requests that this Court vacate the Interim

Award, dated December 1, 2021 and served on December 1, 2021 pursuant to the Federal

Arbitration Act, 9 U.S.C. § 10 et seq., because the Arbitrator manifestly disregarded the law

when rendering his summary adjudication Interim Award.

## PARTIES

2.     Petitioner is an adult natural person who is a citizen of the State of New York and

resides in the County of Queens.

3.     Respondent ChaiElixir, LLC ("ChaiElixir") is a limited liability company

organized in the State of Oklahoma with its principal place of business located in Oklahoma

City, Oklahoma.

4.    Respondent Wonny Kim ("Mr. Kim") is an adult natural person who, upon information and belief, is a citizen of the State of New York, County of New York.

5.    Hereinafter, ChaiElixir and Mr. Kim shall be collectively referred to as "Respondents".

## JURISDICTION AND VENUE

6.    This Court has jurisdiction pursuant to federal question jurisdiction, as Petitioner's underlying claims include claims for unpaid minimum wages and unpaid overtime wages in violation of the Fair Labor Standards Act ("FLSA"). In addition, this Court has jurisdiction pursuant to federal question jurisdiction as Petitioner is seeking review of an arbitration award pursuant to the Federal Arbitration Act ("FAA").

7.    Venue is proper because a substantial part of the events or omissions giving rise to Petitioner's claims occurred in the Eastern District of New York, as Petitioner performed her work for Respondents in this judicial district.

## BACKGROUND

8.    On November 18, 2016, Petitioner made a demand for arbitration in relation to her claims for unpaid minimum wages and unpaid overtime wages pursuant to the FLSA and New York Labor Law, and breach of an oral contract against Respondents with the American Arbitration Association.

9.    An Agency Agreement entered into between the parties compelled arbitration of disputes. Annexed hereto as "**Exhibit A**" is a true and accurate copy of the Agency Agreement between the parties.

10.    The underlying arbitration was captioned *Romina Ra v. ChaiElixir, LLC and Wonny Kim*, AAA Case No. 01-16-0005-0598.

2

11.     After discovery concluded, on March 24, 2021, Petitioner moved for partial summary judgment on the issues of: (1) whether Ms. Ra was an individual covered by the FLSA and the NYLL, (2) whether Ms. Ra was an employee of Respondents, (3) whether Mr. Kim is individually liable for the overtime wages that were unpaid to Ms. Ra, (4) whether Ms. Ra worked overtime hours that went uncompensated, and (5) whether ChaiElixir breach its oral contract with Ms. Ra.

12.     Annexed hereto as **"Exhibit B"** is a true and accurate copy of the Statement of Undisputed Material Facts with supporting evidence submitted by Petitioner in connection with Petitioner's Motion for Partial Summary Judgment served on March 24, 2021.

13      Annexed hereto as **"Exhibit C"** is a true and accurate copy of Petitioner's Memorandum of Law in Support of Petitioner's Motion for Partial Summary Judgment served on March 24, 2021.

14.     On July 30, 2021, Respondents served their Combined Response to Summary Adjudication and Cross-Motion for Summary Adjudication.  Annexed hereto as **"Exhibit D"** is a true and accurate copy of Respondents' Combined Response to Summary Adjudication and Cross-Motion for Summary Adjudication.

15.     On August 24, 2021, Petitioner served her Reply Memorandum in Support of Petitioner's Motion for Partial Summary Judgment and in Opposition to Respondents' Cross-Motion for Summary Judgment.  Annexed hereto as **"Exhibit E"** is a true and accurate copy of Petitioner's Reply Memorandum in Support of Petitioner's Motion for Partial Summary Judgment and in Opposition to Respondents' Cross-Motion for Summary Judgment.

## THE ARBITRATION AWARD

16.     On December 1, 2021, the Arbitrator issued and served his Interim Award. Annexed hereto as "**Exhibit F**" is a true and accurate copy of the Interim Award of the Arbitrator dated December 1, 2021 (the "Interim Award").

17.     The Interim Award granted Respondents' Cross-Motion for Summary Adjudication finding that Ms. Ra was an independent contractor of Respondents. As a result, Petitioner's claims for unpaid minimum wages and unpaid overtime wages pursuant to the FLSA and NYLL were dismissed. Exhibit F, p. 2.

## REASONS TO VACATE THE AWARD

18.     The Arbitrator's Interim Award manifestly disregarded the standard for summary judgment or summary adjudication.

19.     The Interim Award itself identifies that the Arbitrator had manifestly disregarded the standard for summary judgment or summary adjudication as evidenced by the following pertinent portion of the Interim Award, "By filing the Cross-Motions, the parties agree the issue of Employee versus Independent Contractor can and should be decided based on the record presented by their Cross-Motions." Exhibit F, p. 2.

20.     The Arbitrator's Interim Award manifestly disregarded the economic realities test applicable to determinations under the FLSA of whether a worker is an employee or an independent contractor.

21.     The Interim Award itself identifies that the Arbitrator had manifestly disregarded the economic realities test as the Arbitrator only considered the Agency Agreement and disputed issues of fact concerning whether Ms. Ra managed her own work or was able to work for others while working for Respondents when reaching his decision. Exhibit F, p. 2.

4

## CONCLUSION

22.     For the reasons stated herein and in the accompanying Memorandum of Law in Support of the Petition to Vacate Arbitration Award, the Petitioner respectfully requests that this Court find that the Arbitrator manifestly disregarded the law when awarding summary adjudication to Respondents and vacate the Interim Award.

**WHEREFORE**, Petitioner respectfully requests that the Court issue an Order containing the following relief:

a)     vacating the Interim Award; and

b)     granting such other or further relief this Court deems just and proper.

Dated: New York, NY
       February 28, 2022

Respectfully submitted,

LEVINE & BLIT, PLLC

By: _____

Matthew J. Blit
350 Fifth Avenue, Suite 4020
New York, NY 10118
Tel. (212) 967-3000
Fax (212) 967-3010
mblit@levineblit.com
*Attorneys for Petitioner*