UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
ROMINA RA,

                Petitioner,

      - against -

CHAIELIXIR, LLC, and WONNY KIM,

                Respondents.
---------------------------------------------------------x

**MEMORANDUM & ORDER**
22-CV-1065 (PKC) (RER)

PAMELA K. CHEN, United States District Judge:

Petitioner Romina Ra brings this action pursuant to the Federal Arbitration Act, 9 U.S.C. § 10 ("Section 10"), to vacate an interim arbitration award dated December 1, 2021. For the reasons stated herein, the Court finds that it lacks subject matter jurisdiction over this matter and dismisses this action.

## BACKGROUND

Respondent Wonny Kim ("Kim"), a resident of New York, founded Respondent entity ChaiElixir, LLC ("ChaiElixir") in 2012 and organized it under the laws of Oklahoma. (Petition to Vacate Arbitration Award ("Petition"), Dkt. 1, ¶¶ 3–4; Dkt. 1-2, at ECF[1] 2.) Soon, Ra started serving as ChaiElixir's sales manager, and on October 1, 2012, signed an agreement named the "Agency Agreement" in connection with her employment. (Dkt. 1-2, at ECF 2, ¶¶ 3, 5; Dkt. 1-4, at ECF 3–4.) The Agency Agreement described Ra's role as a "Sales and Marketing Representative on a national basis," and set her compensation at "$5,000.00" per month. (Dkt. 1-

---

[1] "ECF" refers to the pagination generated by the electronic court filing system, or ECF, not the document's internal pagination.

1

1, at ECF 3.)² Pursuant to the Agency Agreement, disputes related to Ra's employment were ultimately to be decided by an Arbitrator sitting in Oklahoma City, Oklahoma. (*Id.* at ECF 8, ¶ 8(d).)

In 2016, Ra initiated arbitration before the Arbitrator, and alleged that Respondents violated the Fair Labor Standards Act of 1939 ("FLSA"), New York Labor law, and breached the Parties' contract. (*See* Petition, Dkt. 1, ¶¶ 8–10.) Specifically, Ra alleged that Respondents failed to: (1) pay her $23,000 which were owed pursuant to an oral contract, (*see* Dkt. 1-3, at ECF 14), and (2) pay her minimum wages and overtime wages, which Ra estimated before the Arbitrator to be of the magnitude of about $36,004.80. (*See* Dkt. 1-3, at ECF 5–13; *id.* at ECF 13 (calculating unpaid "overtime wages" to be "$36,004.80").) For five years, proceedings took place before the Arbitrator and, in March 2021, Ra moved for summary judgment. (Petition, Dkt. 1, ¶¶ 11, 14–15.) Nine months later, the Arbitrator issued a decision adverse to Ra, dismissing her FLSA and New York labor law claims, and reserving judgment on her breach of contract claim. (*See* Dkt. 1-6, at ECF 2–5.)

On February 28, 2022, Ra petitioned this Court, pursuant to Section 10, to vacate the Arbitrator's award on the basis that it was given in "manifest[] disregard[] [of] the law." (Petition, Dkt. 1, ¶ 1.) In relevant part, Ra identifies the basis for the Court's jurisdiction as follows:

> This Court has jurisdiction pursuant to federal question jurisdiction, as [Ra's] underlying claims include claims for unpaid minimum wages and unpaid overtime wages in violation of the [FLSA]. In addition, this Court has jurisdiction pursuant to federal question jurisdiction as [Ra] is seeking review of an arbitration award pursuant to the Federal Arbitration Act ("FAA").

---

² As part of Ra's motion for summary judgment in front of the Arbitrator , the Parties submitted to the Arbitrator identical copies of the Agency Agreement. (*Compare* Dkt. 1-2, at ECF 8–19 *with* Dkt. 1-4, at ECF 23–34.) The Court, therefore, considers the existence of the Agency Agreement and all its contents to be an undisputed fact for the purposes of this motion.

2

(Petition, Dkt. 1, ¶ 6.) On June 22, 2022, Respondents Kim and ChaiElixir filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(3), (6), which Ra opposes. (Dkts. 17–19.)[3]

## LEGAL STANDARD

"Subject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 126 (2d Cir. 2011) (brackets and citations omitted). "[C]hallenges to subject-matter jurisdiction may be raised by the defendant at any point in the litigation, and courts must consider them *sua sponte*." *Fort Bend Cnty., Texas v. Davis*, 139 S. Ct. 1843, 1849 (2019) (citations and internal quotation marks omitted); *see also Arbaugh v. Y & H Corp*., 546 U.S. 500, 514 (2006) (noting that courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." (citations omitted)). Thus, it is axiomatic that as "federal courts are courts of limited jurisdiction, if a court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *McMorris v. Carlos Lopez & Assocs., LLC*, 995 F.3d 295, 299 (2d Cir. 2021) (cleaned up); *see also Lovejoy v. Watson*, 475 F. App'x 792 (2d Cir. 2012) ("Where jurisdiction is lacking, . . . dismissal is mandatory." (quoting *United Food & Commercial Workers Union, Local 919 v. Centermark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994)).

## DISCUSSION

**I. Section 10 of the FAA Does Not Confer Subject Matter Jurisdiction**

Ra errs when arguing that Section 10 confers subject matter jurisdiction on this Court. It is now well-established that "Sections 9 through 11 [of the FAA] . . . do not themselves support

---

[3] As the Court dismisses this matter, *sua sponte*, due to lack of subject matter jurisdiction, it expresses no view on the merits of Respondents' motion to dismiss.

federal jurisdiction." *Badgerow v. Walters*, 142 S. Ct. 1310, 1316 (2022); *see also Mitchell v. Frattini*, No. 22-CV-2352 (JGK), 2022 WL 17157027, at *2 (S.D.N.Y. Nov. 22, 2022) ("A motion to vacate or modify an arbitration award pursuant to 9 U.S.C. §§ 10–11 does not arise under federal law." (citing *United States v. Am. Soc. of Composers, Authors & Publishers*, 32 F.3d 727, 731 (2d Cir. 1994) ("9 U.S.C. § 10. . . does not confer subject matter jurisdiction on a district court[.]"))); *see also Giusti v. Morgan Stanley Smith Barney, LLC*, 581 F. App'x 34, 34–35 (2d Cir. 2014) ("It is well settled that the FAA bestows no federal jurisdiction but rather requires for access to a federal forum an independent jurisdictional basis over the parties' dispute." (cleaned up)).  The foregoing law "means [that] an applicant seeking, for example, to vacate an arbitral award under Section 10 must identify a grant of jurisdiction, apart from Section 10 itself, conferring access to a federal forum . . . [i]f she cannot, the action belongs in state court." *See Badgerow*, 142 S. Ct. at 1316 (cleaned up).  Thus, the mere fact that Ra petitions to vacate the Arbitrator's award pursuant to Section 10 does not grant her access to federal courts.

**II.  The Underlying Federal Dispute Does Not Confer Subject Matter Jurisdiction**

In March 2022, the Supreme Court decided *Badgerow* and held that federal courts do not have subject matter jurisdiction over Section 10 petitions only on the basis that the underlying dispute involves federal claims.  *See id*. at 1315.  Previously, as to Section 4 of the Federal Arbitration Act, the Supreme Court espoused the so-called "look through" approach which "allow[ed] a federal court to exercise jurisdiction over an FAA application when the parties' underlying substantive dispute would have fallen within the court's jurisdiction." *Id.* at 1315.  Thus, utilizing the 'look-through' approach, federal courts exercise jurisdiction over arbitration petitions brought under Section 4 and whose underlying claims are federal in nature.  In *Badgerow*, the Supreme Court faced "[the] question [of] whether [the] 'look-through' approach to jurisdiction

4

applies to requests to confirm or vacate arbitral awards under the FAA's Sections 9 and 10." *Id.* at 1314. The Court unequivocally held that "it d[id] not." *Id.* The Court, therefore, reversed the Fifth Circuit's decision to the contrary and remanded for further proceedings. Considering the Supreme Court's holding in *Badgerow*, Ra's federal claims do not allow her access to federal courts simply because she seeks to vacate an arbitral decision relating to those claims.

### III. Diversity Jurisdiction is Lacking

Diversity jurisdiction is likewise lacking. Ra and respondent Kim are citizens of the same State—New York. (Petition, Dkt. 1, ¶¶ 2–5.); *see also Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 615 (2d Cir. 2019) (noting that a "limited liability company ("LLC") . . . takes the citizenship of all of its members."). Likewise, as stated in her summary judgment papers, Ra disputes roughly $36,004.80. (*See* Dkt. 1-3, at ECF 13.) Thus, neither of the requirements of 28 U.S.C. § 1332 are met, and the Court cannot exercise diversity jurisdiction over this matter.

\* \* \*

Based on this analysis, the Court concludes that Ra has failed to carry her burden to show that subject matter jurisdiction over this matter is proper.

### CONCLUSION

For the foregoing reasons, the Court concludes that it lacks subject matter jurisdiction over this matter and dismisses this case without prejudice. The Clerk of Court is respectfully directed to enter judgment accordingly and terminate this action.

SO ORDERED.

/s/ Pamela K. Chen
Pamela K. Chen
United States District Judge

Dated: March 13, 2023
      Brooklyn, New York